UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST et al.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>LORN COATINGS LLC et al.,<br><br>　　　　　　　　Defendant. | CASE NO. MC24-00042-KKE<br><br>ORDER TO SHOW CAUSE |

Plaintiffs filed this miscellaneous action and an *ex parte* motion for entry of judgment by confession based on a stipulation executed by the parties in September 2023. Dkt. No. 1 at 3. For the reasons below, the Court orders Plaintiffs to show cause why the motion should not be denied and this action dismissed.

## I.　BACKGROUND

On September 13, 2023, plaintiffs Employee Painters' Trust, International Union of Painters and Allied Trades District Council 5, Western Washington Painters Defined Contribution Pension Trust, Painters and Allied Trades Labor Management Cooperation Initiative, District Council 5 Apprenticeship and Training Trust Fund, Finishing Trades Institute, International Painters and Allied Trades Industry Pension Fund, Painters Progression Fund, Star Program Training Fund, and Western Washington Signatory Painting Employers Fund, by and through their attorneys, the Urban Law Firm, (together, "Plaintiffs"), and defendants Lorn Coatings LLC, Chona

ORDER TO SHOW CAUSE - 1

J. Lorn, and Thavy Lorn (together, "Defendants") executed a Stipulation and Judgment by Confession ("Stipulation") to "settle and secure, without litigation, certain claims made by the Plaintiffs arising under the Employment Retirement Income Security Act [("ERISA")], as amended, 29 U.S.C. section § 1001 et seq." Dkt. No. 1 at 2; *See* Dkt. No. 1-1 at 6. Pursuant to the Stipulation, Defendants agreed to make a series of payments to settle the ERISA claims. *Id.* at 8, ¶ 7. The Stipulation states "Defendants stipulate that this Court has jurisdiction to enter this Stipulation and the Judgment by Confession pursuant to [ERISA]." *Id.* at 7, ¶ 4.

On June 28, 2024, Plaintiffs filed the instant motion for entry of judgment by confession. Dkt. No. 1. In support of the motion, Plaintiffs provided the declaration of their attorney, Mr. Michael Urban. Dkt. No. 1-1. Mr. Urban attests that Defendants initially made payments in compliance with the Stipulation but failed to submit any payments after February 2024. *Id.* at 2, ¶ 4. Mr. Urban further avers that he caused a notice of default to be served on Defendants in accordance with the terms of the Stipulation on March 21, 2024 and that Defendants did not make a payment for the month of March. *Id.* at 2, ¶ 5. Mr. Urban further avers that Defendants are in default of additional requirements of the Stipulation, including terms concerning the provision of records and a fringe benefit bond. *Id.* at 3–4, ¶¶ 11-12. As of June 28, 2024, the date of Mr. Urban's declaration, Defendants had allegedly not cured their default. *Id.* at 3, ¶ 7. Plaintiffs therefore argue that pursuant to the terms of the Stipulation, they are entitled to entry of judgment against the Defendants without further notice or proceedings. Dkt. No. 1 at 4.

As of the date of this Order, there is no indication on the docket that the motion has been served on Defendants.

## II.   LEGAL STANDARD

**A.   Confession of Judgment**

"A confession of judgment, also known as a cognovit note, is an 'ancient legal device by which [a] debtor consents in advance to the holder's obtaining a judgment without notice of hearing' and authorizes 'entry of a judgment against him if the obligation set forth in the note is not paid when due.'" *Bd. of Tr. of the Emp. Painters' Tr., et al. v. Digital Interior Grp. LLC, et al.*, No. 2:24-mc-00039-TL, 2024 WL 3833475, at *2 (W.D. Wash. Aug. 15, 2024) (citing *Dotson v. Metrociti Mortg.*, No. C10-3484-KJM-DAD, 2011 WL 3875997, at *5 (E.D. Cal. Aug. 31, 2011); *see also F.D.I.C. v. Aaronian*, 93 F.3d 636, 637–38 (9th Cir. 1996); *D.H. Overmyer Co., Inc. of Ohio v. Frick*, 405 U.S. 174, 176, n.2 (1972).

"The device is a product of state law and has no counterpart in the federal rules." *Adkisson v. Epik Holdings, Inc.*, No. 2:23-CV-00495-LK, 2024 WL 3510933, at *3 (W.D. Wash. July 23, 2024) (cleaned up).  Courts have long identified due process concerns with the confession judgment procedure. *See Digital Interior Grp.*, 2024 WL 3833475, at *3–4 (collecting authority). While federal courts have authority to enter a judgment by confession when "subject-matter jurisdiction exists and the confession of judgment was voluntarily, knowingly, and intelligently made," *LOL Fin. Co. v. Carrigan*, No. 0:16-cv-000651 (SRN/TNL), 2016 WL 4154339, at *2 (D. Minn. Aug. 5, 2016) (cleaned up), this District has not authorized entry of a confession judgment "in recent memory." *Digital Interior Grp.*, 2024 WL 38388475, at *3, n.2.

**B.   Subject Matter Jurisdiction**

In the absence of other grounds for jurisdiction, a federal court's authority to enforce a settlement agreement between parties is limited to circumstances where the terms of that settlement have been incorporated into a court order, for example, an order of dismissal. *See Covves, LLC v. Target Brands, Inc.*, No. 21-55077, 2022 WL 193208, at *1 (9th Cir. Jan. 21, 2022). "Without a

dismissal order incorporating the settlement terms, 'enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.'" *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994)); *see also Adkisson*, 2024 WL 3510933, at *3 (finding the court "does not appear to have the authority to enter [a] judgment by confession in [a] closed case."). Here, Plaintiffs allege the "Judgment by Confession expresses underlying federal question claims under ERISA, and the Defendants have clearly stipulated that this Court may exercise jurisdiction under ERISA." Dkt. No. 1 at 4.

### III.  DISCUSSION

In a recent case, identical in posture to this one, plaintiffs filed a motion for judgment by confession as a miscellaneous action, and similarly asserted jurisdiction based on ERISA. *Digital Interior Grp.*, 2024 WL 3833475, at *2–3. The court observed it was "not aware of any authorities establishing that a settlement reached to remedy a violation of [ERISA] automatically gives rise to federal court jurisdiction simply because ERISA may be the topic of the settlement agreement, even in the absence of other ERISA litigation." *Id.* at *3. The same is true here.

Plaintiffs assert that "Defendants have stipulated that this Court has subject matter jurisdiction of this matter pursuant to [ERISA]." Dkt. No. 1 at 2. However, the parties' consent does not confer jurisdiction upon the Court. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court."). Though the underlying dispute between the parties may have involved a federal question, Plaintiffs have not presented an independent basis for the Court's jurisdiction over the present conflict—namely, enforcement of the Judgment by Confession.

Plaintiffs further claim that "[u]nder Washington law, judgments by confession are authorized before an action." Dkt. No. 1 at 5. While it is true that Revised Code of Washington section 4.60.070 provides a statutory process for entry of a confession of judgment, the statute

ORDER TO SHOW CAUSE - 4

requires "[t]he statement must be presented to the *superior court* or a judge thereof." (emphasis added). WASH. REV. CODE § 4.60.070. As stated in *Adkisson*, "Washington law contemplates that only its state superior courts—and not federal district courts—can enter judgment by confession." 2024 WL 3510933, at *3. Just as the parties cannot confer federal court subject matter jurisdiction by agreement, state law cannot create federal court jurisdiction either. *KCOM, Inc. v. Emps. Mut. Cas. Co.*, 829 F.3d 1192, 1195 (10th Cir. 2016) ("[A] state legislature has no authority to prescribe federal court jurisdiction in diversity matters or otherwise.").

Finally, the Court echoes the due process concerns articulated in *Digital Interior Grp.*. 2024 WL 3833475, at *3–4. As that Court observed, "[e]ntering judgment in favor of Plaintiffs without any indication that their agreement with Defendants is memorialized in connection with any type of court action or otherwise valid would effectively allow Plaintiffs 'to skip over the procedure required by the Federal Rules to go straight to an unopposed victory.'" *Id.* at *4 (quoting *Boosalis Options, LP v. Farnbacher Loles Motorsports, LLC*, No. C09-80316-WHA, 2010 WL 335651, at *1 (N.D. Cal. Jan. 22, 2010) (denying entry of a confession judgment motion filed as a miscellaneous action)). This Court similarly agrees that the provision of notarized documents allegedly bearing Defendants' signatures "is insufficient evidence of the validity of Defendants' purported pre-deprivation waiver of notice and hearing." *Id.* As such, the Court cannot satisfy itself, as it must, that such wavier was "voluntary, knowing, and intelligently made." *Aaronian*, 93 F.3d at 640 ("Because the cognovit note deprives the debtor of notice that he is being sued, and of his right to a hearing, courts demand clear and convincing evidence that the written waiver was voluntary, intelligently, and knowingly made." (cleaned up)).

In sum, without a clear basis for this Court's jurisdiction and sufficient evidence supporting Defendants' waiver, the Court cannot grant Plaintiffs' motion.

ORDER TO SHOW CAUSE - 5

## IV. CONCLUSION

For the reasons stated above, the Court ORDERS Plaintiffs to show cause, no later than September 19, 2024, why this Motion for Entry of Judgment by Confession (Dkt. No. 1) should not be denied and the miscellaneous action should not be dismissed in its entirety.

Dated this 5th day of September, 2024.

Kymberly K. Evanson
United States District Judge